IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0047 (18) |
| | § | |
| TODD ALEXANDER MOORE | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On February 8, 2005, defendant TODD ALEXANDER MOORE filed[1] with this Court a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, wherein he challenges a 72-month sentence assessed on or about October 1, 2003 after his conviction, pursuant to a guilty plea, for the offense of possession with intent to distribute methamphetamine. For the reasons set forth below, defendant is not entitled to relief and this motion should be denied.

I.
MERITS

Defendant challenges his sentence based upon the recent United States Supreme Court decision in *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621, 73 U.S.L.W. 4056 (January 12, 2005). In *Booker*, the Supreme Court extended the rule announced in the prior decisions of *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

---

[1] A pro se motion is deemed filed at the time it is delivered to prison officials. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir.1998); *see also United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

(2000), and *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403, 72 U.S.L.W. 4546 (June 24, 2004), to the federal Sentencing Guidelines. The rule, essentially held that,

> [P]ursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id*. at 756-57.

*In re Elwood*, No. 05-30269 at 2, April 28, 2005 (5th Cir. 2005) citing *Booker*. Defendant Elwood, just as MOORE in the instant case, alleged that, pursuant to *Booker*, the district court's application of the Guidelines in determining his sentence violated his Sixth Amendment rights. The Fifth Circuit has held, however, that the United States Supreme Court did not make *Booker* retroactive to cases on collateral review. *In re Elwood*, No. 05-30269 at 3.

Therefore, under the law of this circuit, defendant's claim that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional based upon *Booker* and, thus, should be vacated, is foreclosed. Such a claim is not cognizable in a section 2255 action.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to vacate, correct or set aside sentence filed by defendant TODD ALEXANDER MOORE be DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant by certified mail, return receipt requested, and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of April 2005.


/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).